The STATE of Ohio, Appellee,

v.

RODRIGUEZ, Appellant.

[Cite as *State v. Rodriguez* (1989), 64 Ohio App.3d 183.]

Court of Appeals of Ohio,
Wood County.

No. WD–88–72.

Decided Aug. 25, 1989.

*Alan Mayberry,* Prosecuting Attorney, and *David E. Woessner,* for appellee.

*Albert Potter II,* for appellant.

ABOOD, Judge.

This is an appeal from a decision of the Wood County Court of Common Pleas denying defendant-appellant Ruben A. Rodriguez's motion to suppress. Appellant sets forth two assignments of error[1]:

"I.  The trial court erred by overruling appellant's motion to suppress evidence and thereby deprived appellant of his constitutional rights as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section 14 of the Ohio Constitution.

"II.  The trial court erred by failing to state its essential factual findings on the record when it overruled appellant's motion to suppress evidence."

---

1.  Appellant originally set forth three assignments of error; however, on January 31, 1989, the third assignment of error was stricken.

The facts giving rise to this appeal are as follows: On December 17, 1987, at approximately 10:47 a.m. Sergeant Thomas Brokamp of the Bowling Green Police Department applied for a search warrant for appellant's residence to search for and seize cocaine, other drugs of abuse, drug paraphernalia, documents and other drug-related items. The affidavit for the search warrant that was sworn to by Brokamp stated that the department had received a Crimestopper call that day that appellant was holding one-half ounce of cocaine at his residence above DiSalle Realty at 250 S. Main Street, Bowling Green, Ohio. Brokamp stated further in the affidavit that the caller was known to the officer and had supplied good and verifiable information in the past. The warrant was subsequently issued and at approximately 11:00 a.m. that same day the warrant was executed by officers of the Bowling Green Police Department, and certain evidence was seized including drug parapher-nalia containing traces of alleged marijuana and cocaine. On April 27, 1988, appellant was indicted by the Wood County Grand Jury and charged with the offense of drug abuse in violation of R.C. 2925.11. Appellant was subsequent-ly arrested and at arraignment entered a plea of not guilty. On June 29, 1988, appellant filed a motion to suppress all of the evidence seized alleging that there was not sufficient probable cause for the search warrant to issue. On July 18, 1988, a hearing was held on appellant's motion and a copy of the search warrant, the affidavit and the inventory were admitted into evidence as a joint exhibit. At the conclusion of the hearing, the parties were given leave to file post-hearing briefs. On August 4, 1988, the trial court entered its order denying appellant's motion to suppress. On August 24, 1988, appellant withdrew his plea of not guilty and entered a plea of no contest with consent to a finding of guilty to drug abuse. On August 26, 1988, appellant was found guilty of the offense of drug abuse in violation of R.C. 2925.11 and on October 12, 1988, appellant was sentenced to a term of one year in the Ohio State Reformatory in Mansfield, Ohio. Execution of the sentence was sus-pended, and appellant was placed on probation for two and one-half years with certain conditions set by the court. On October 27, 1988, appellant filed his notice of appeal.

In support of his first assignment of error, appellant argues that the affidavit for search warrant contained only the bare conclusion of the infor-mant that the appellant had cocaine at his residence with nothing stated as to how the informant obtained that information or what caused the informant to arrive at that conclusion and that the affidavit failed to sufficiently establish the informant's veracity and reliability. Appellant argues further that there was no evidence presented by the state establishing that its reliance on the search warrant was reasonable and, therefore, the good faith exception set

forth in *United States v. Leon* (1984), 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677, does not apply.

Crim.R. 41(C) sets forth the standard for issuing search warrants:

"(C) Issuance and contents. A warrant shall issue under this rule only on an affidavit or affidavits sworn to before a judge of a court of record and establishing the grounds for issuing the warrant. The affidavit shall name or describe the person to be searched or particularly describe the place to be searched, name or describe the property to be searched for and seized, state substantially the offense in relation thereto, and state the factual basis for the affiant's belief that such property is there located. If the judge is satisfied that probable cause for the search exists, he shall issue a warrant identifying the property and naming or describing the person or place to be searched. *The finding of probable cause may be based upon hearsay in whole or in part, provided there is a substantial basis for believing the source of the hearsay to be credible and for believing that there is a factual basis for the information furnished.* Before ruling on a request for a warrant, the judge may require the affiant to appear personally, and may examine under oath the affiant and any witnesses he may produce. Such testimony shall be admissible at a hearing on a motion to suppress if taken down by a court reporter or recording equipment, transcribed and made part of the affidavit. * * * " (Emphasis added.)

In *Illinois v. Gates* (1983), 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527, 548, the United States Supreme Court adopted the "totality-of-the-circumstances" test for determining whether an informant's tip establishes probable cause for the issuance of a search warrant, rejecting the rigid two-prong test formerly applied when considering such information:

" * * * it is wiser to abandon the 'two-pronged test' established by our decision in Aguilar and Spinelli. In its place we reaffirm the totality-of-the-circumstances analysis that traditionally has informed probable-cause determinations. See *Jones v. United States* [362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960)], supra; *United States v. Ventresca*, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); *Brinegar v. United States*, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949). *The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.*" (Footnotes omitted and emphasis added.)

The *Gates* court reasoned that while an informant's veracity and reliability and the basis of his knowledge, the two "prongs" of the former test, are

highly relevant considerations in determining the value of the information received, they should not be rigidly applied as separate and independent requirements, rather:

" * * * they should be understood simply as closely intertwined issues that may usefully illuminate the commonsense, practical question whether there is 'probable cause' to believe that contraband or evidence is located in a particular place." *Id.,* 462 U.S. at 230, 103 S.Ct. at 2328, 76 L.Ed.2d at 543.

The *Gates* court found such rigid compartmentalization of these two elements ill-suited to the fluid concept of probable cause which turns on an assessment of probability and practical considerations as opposed to "hard certainties." 462 U.S. at 230–231, 103 S.Ct. at 3328, 76 L.Ed.2d at 543–544.

■ With respect to whether there was probable cause for the issuance of a search warrant, the role of the reviewing court is to determine whether or not the affidavit provided the issuing magistrate with a substantial basis for determining the existence of probable cause. *Id.* at 239, 103 S.Ct. at 2332, 76 L.Ed.2d at 549. There must have been presented to the issuing magistrate sufficient information to allow that official to independently determine if probable cause to search exists; his action in issuing a search warrant must not be a mere ratification of bare conclusions of others. *Id.* Great deference is to be accorded to a magistrate's determination of probable cause. *Id.* at 236, 103 S.Ct. at 2331, 76 L.Ed.2d at 546.

In *State v. Bean* (1983), 13 Ohio App.3d 69, 13 OBR 83, 468 N.E.2d 146, this court held that in assessing the legal sufficiency of a challenged affidavit for a search warrant the reviewing court may draw reasonable, commonsense inferences from the allegations therein, but such inferences may only be drawn from the facts actually set forth in the affidavit.

■ In this case, the challenged affidavit provided the following information:

"This department received a call from Crimestopper # 513 on 12/17/87. Caller advised that Reuben [*sic*] Rodriguez of 250 S. Main St. is holding ½ ounce of cocaine, at his residence. Rodriguez lives above DiSalle Realty. Crimestopper # 513 is known to this officer and has supplied information to this officer in the past. The information supplied in the past is known to be good and verifiable information.

"Subject has knowledge of the cocaine being at the above mentioned location.

"Q. In what ways has he co-operated with you in the past?

"A. He has provided alot [*sic*] of intelligence related to drugs, and has provided information that has led to two undercover buys.

"Q. If the information here is good information, does the informant know that Crimestoppers will pay him?

"A. Yes."

Clearly, the affidavit is nothing more than a "bare-bones" statement totally void of any facts. It contains what is simply the conclusion of an informant that appellant was " * * * holding one-half ounce of cocaine at his residence * * *," with no statement as to the basis of the informant's knowledge. There is no indication whatsoever as to how the informant knew appellant was holding cocaine, no indication as to the time frame in which the informant ascertained that appellant was holding cocaine, and no corroboration of the information through independent investigation by the police department. Finally, there is no indication as to who at the police department even spoke to the informant. The only other information contained in the affidavit for search warrant is the affiant's statement that the informant had supplied information leading to two other undercover buys and an ambiguous comment that this particular informant had provided "alot of intelligence related to drugs."

When considering the limited information set forth in the affidavit for the search warrant and applying the totality of the circumstances test as set forth in *Gates*, this court finds that the affidavit did not provide the issuing judge with a substantial basis for an independent determination that probable cause existed to issue a warrant to search appellant's residence.

This finding that there was not probable cause to issue the search warrant, however, does not end our inquiry. Before we can determine if the trial court erred in overruling appellant's motion to suppress we must consider the law as set forth by the Supreme Court in *United States v. Leon, supra,* as to when the exclusionary rule is to apply to a search conducted pursuant to a warrant which is subsequently determined to be invalid.[2]

*Leon* involved a tip from a confidential informant of unproven reliability to the Burbank California Police Department that two individuals were selling large quantities of cocaine and methaqualone from their residence. The informant also told the police that five months earlier he had witnessed a sale of methaqualone at that residence and at that time had also observed there a shoe box full of money. A check by the police revealed that one of the individuals had previously been arrested for possession of marijuana. Fur-

---

2. It must be noted that neither party addressed the *Leon* case below. Appellant, however, in his brief on appeal argues that the exception in *Leon* is not applicable since appellee offered no evidence to establish good faith on the part of the executing officers. Appellee, on the other hand, simply argues that since appellant failed to show that there was insufficient probable cause to issue the warrant, the good faith argument is moot.

ther surveillance focusing on that residence as well as two others revealed an automobile in front of one of the residences registered to a third individual who had been arrested for possession of marijuana. From him the police investigation led to his employer, defendant Leon, who had also been arrested on drug charges and whose companion had implicated him as being heavily involved in drug importation. A previous tip to another police department contained information that Leon stored large quantities of methaqualone at his residence. Police also discovered that two of the individuals had taken separate flights to Miami, then returned to Los Angeles together where they consented to a search of their luggage which revealed a small amount of marijuana. Based on the above information and observations the police applied for a search warrant for three residences and the automobiles of the four individuals. The search warrant was issued, and its execution turned up large quantities of drugs at two of the residences and a smaller quantity at the third. The four individuals were subsequently indicted, and thereafter each filed motions to suppress the evidence seized pursuant to the warrants. The district court, after a hearing, granted the motions to suppress in part as to the evidence found in the respective searches to which each individual had standing to object, finding that the reliability and credibility of the informant had not been established and therefore concluding that the affidavit for the search warrant was insufficient to establish probable cause. At the request of the government, the district court recognized that the executing officers had acted in good faith, but it refused to apply a good faith exception to the exclusionary rule. A divided panel of the Court of Appeals for the Ninth Circuit affirmed, finding that the information in the affidavit was stale and that it failed to establish the credibility, reliability or the basis of knowledge of the informant and that there was, therefore, no probable cause to issue the search warrant. The court of appeals also refused to recognize a good faith exception to the application of the exclusionary rule. The government then filed a petition for certiorari with the United States Supreme Court seeking review, not of the probable cause determination, but only of the question of whether or not the Fourth Amendment exclusionary rule should be modified so as not to bar admission of evidence seized in reasonable good faith reliance on a search warrant issued by a detached and neutral magistrate but ultimately held to be invalid. Certiorari was granted to consider the propriety of such a modification to the exclusionary rule.

In addressing that question, the *Leon* court reviewed the content and purpose of the Fourth Amendment, pointing out that it contains no provision expressly precluding the use of evidence obtained in violation of its command and that the admission of the fruits of past unlawful searches or seizures itself worked no Fourth Amendment wrong, the wrong condemned therein

being rather the unlawful search or seizure itself.[3] *Id.* 468 U.S. at 906, 104 S.Ct. at 3411, 82 L.Ed.2d at 687, citing *United States v. Calandra* (1974), 414 U.S. 338, 354, 94 S.Ct. 613, 623, 38 L.Ed.2d 561, 575. The *Leon* court explained that the exclusionary rule is a judicial remedy designed to safeguard Fourth Amendment rights in general through deterrence and is not intended or able to cure an invasion of rights already suffered by an unlawful search and seizure. *Id.*, 468 U.S. at 906, 104 S.Ct. at 3411, 82 L.Ed.2d at 687. The court went on to state that whether the exclusionary rule is appropriately applied in a specific case is a separate issue altogether from whether or not Fourth Amendment rights have been violated. *Id.*, citing *Gates, supra*, 462 U.S. at 223, 103 S.Ct. at 2324, 76 L.Ed.2d at 538. In *Leon*, the court determined that the issue of whether or not the exclusionary rule should apply must be resolved by weighing the costs to society and to the criminal justice system of excluding evidence that is inherently trustworthy against the benefits of such exclusion. *Id.*, 468 U.S. at 906–907, 104 S.Ct. at 3411–3412, 82 L.Ed.2d at 687–688. The goal behind the cost/benefit approach was restriction of the application of the exclusionary rule to those areas where the remedial objectives of the rule are best served. *Id.* at 908–909, 104 S.Ct. at 3412–3413, 82 L.Ed.2d at 689. After reviewing past applications of the cost/benefit approach in various contexts, the *Leon* court noted that while this approach has resulted in various exceptions to the application of the exclusionary rule, a good faith exception had not yet been recognized, but concluded that " * * * the balancing approach that has evolved during the years of experience with the rule provides strong support for the modification currently urged upon us." *Id.* at 913, 104 S.Ct. at 3415, 82 L.Ed.2d at 692.

Recognizing this, the court proceeded to evaluate the application of the exclusionary rule in situations involving searches conducted pursuant to warrants subsequently determined to be invalid. Emphasizing the reliability of search warrants themselves as safeguards against improper searches due to the fact that they are issued by a detached neutral magistrate, the court pointed out that the usual deference accorded such warrants does not preclude inquiry into warrants based upon affidavits containing knowing or reckless falsities, warrants issued by a magistrate who had abandoned his neutral role and is acting merely as a rubber stamp, or warrants issued upon an affidavit which fails to provide a substantial basis for determining probable cause. *Id.* at 913–918, 104 S.Ct. at 3415–3418, 82 L.Ed.2d at 692–695. The court noted,

---

**3.** The Fourth Amendment to the United States Constitution states:
   "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

however, that while courts had set forth a rationale for suppressing evidence in the first of these situations, the exclusionary rule had been applied in the latter situations without any consideration of whether or not Fourth Amendment interests were being advanced. *Id.* at 915–916, 104 S.Ct. at 3416–3417, 82 L.Ed.2d at 693–694. Stressing that the purpose of the exclusionary rule is to deter police misconduct and not to punish errors of issuing magistrates, the court in *Leon* reasoned that there is a lack of evidence that magistrates or judges are inclined to ignore or subvert the Fourth Amendment or that such conduct would even require application of the exclusionary rule or that its application would have any deterrent effect in such situations. *Id.* at 916, 104 S.Ct. at 3417, 82 L.Ed.2d at 694. The *Leon* court concluded, then, that " * * * suppression of the evidence obtained pursuant to a warrant should be ordered only on a case-by-case basis and only in those unusual cases in which exclusion will further the purposes of the exclusionary rule." *Id.* at 918, 104 S.Ct. at 3418, 82 L.Ed.2d at 695. In that vein, the *Leon* court went on to consider the specific question of whether the application of the exclusionary rule would have any deterrent effect in instances where an officer executing a search warrant acts with the objectively reasonable belief that his conduct did not violate the Fourth Amendment. In doing so, the court reviewed its previous observation in *Michigan v. Tucker* (1974), 417 U.S. 433, 94 S.Ct. 2357, 41 L.Ed.2d 182, and *United States v. Peltier* (1975) 422 U.S. 531, 95 S.Ct. 2313, 45 L.Ed.2d 374, that the purpose of deterrence assumes that an officer has engaged in willful or negligent conduct which has deprived an individual of a right and that by excluding evidence so obtained, the hope is to instill in the officer greater care in dealing with an individual's rights. *Leon, supra,* 468 U.S. at 919, 104 S.Ct. at 3418, 82 L.Ed.2d at 696. However, excluding evidence where an officer has acted reasonably and in good faith does not further this purpose. *Id.* at 919–920, 104 S.Ct. at 3418–3419, 82 L.Ed.2d at 696–697. The *Leon* court found this observation particularly accurate where an officer, acting with objective good faith, obtains a search warrant from a magistrate and acts within its scope, noting that it is the judge's responsibility to determine if probable cause exists and the officer's role is to execute the warrant, not to question the magistrate's determination of probable cause. *Id.* at 920–921, 104 S.Ct. at 3419, 82 L.Ed.2d at 697. The *Leon* court determined that penalizing the executing officer for a magistrate's error does not further the purpose of deterrence of Fourth Amendment violations. *Id.* at 921, 104 S.Ct. at 3419, 82 L.Ed.2d at 697.

Thus the *Leon* court, recognizing the need for a good faith exception to application of the exclusionary rule, held:

"We conclude that the marginal or non-existent benefits produced by suppressing evidence obtained in objectively reasonable reliance on a subse-

quently invalidated search warrant cannot justify the substantial costs of exclusion. We do not suggest, however, that exclusion is always inappropriate in cases where an officer has obtained a warrant and abided by its terms. * * * " *Id.* at 922, 104 S.Ct. at 3420, 82 L.Ed.2d at 698.

The court emphasized that an officer's reliance on the magistrate's determination of probable cause and on the technical sufficiency of the warrant must be objectively reasonable. The court also identified several circumstances where an officer would have no reasonable grounds for believing that a warrant was properly issued and therefore where suppression would remain an appropriate remedy:

"Suppression therefore remains an appropriate remedy if the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth. *Franks v. Delaware*, 438 U.S. 154 [98 S.Ct. 2674, 57 L.Ed.2d 667] (1978). The exception we recognize today will not apply in cases where the issuing magistrate wholly abandoned his judicial role in the manner condemned in *Lo-Ji Sales, Inc. v. New York*, 442 U.S. 319 [99 S.Ct. 2319, 60 L.Ed.2d 920] (1979); in such circumstances, no reasonably well trained officer should rely on the warrant. *Nor would an officer manifest objective good faith in relying on a warrant based on an affidavit 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.' Brown v. Illinois*, 422 U.S. [590] at 610–611 [95 S.Ct. 2254, 2265, 45 L.Ed.2d 416, 431 (1975) ] (POWELL, J., concurring in part); see *Illinois v. Gates*, supra [462 U.S.], at 263–264 [103 S.Ct. at 2345–2346, 76 L.Ed.2d at 564–565] (WHITE, J., concurring in judgment). Finally, depending on the circumstances of the particular case, a warrant may be so facially deficient i.e., in failing to particularize the place to be searched or the things to be seized that the executing officers cannot reasonably presume it to be valid. Cf. *Massachusetts v. Sheppard*, post [468 U.S. 981] at 988–991 [104 S.Ct. 3424, 3427–3429, 82 L.Ed.2d 737, 743–745]." (Emphasis added.) *Id.* 468 U.S. at 923, 104 S.Ct. at 3421, 82 L.Ed.2d at 698–699.

In so holding the *Leon* court noted that the objective standard adopted therein requires an officer to have a reasonable knowledge of what the law prohibits. *Id.* at 919–920, 104 S.Ct. at 3418–3419, 82 L.Ed.2d at 696–697, fn. 20. The court also noted that the good faith inquiry adopted in its holding:

" * * * is confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization. In making this determination, all of the circumstances—including whether the warrant application had previously

been rejected by a different magistrate—may be considered." 468 U.S. at 922–923, 104 S.Ct. at 3420, 82 L.Ed.2d at 698–699, fn. 23.

Applying its holding to the facts therein, the *Leon* court found that the application for the search warrant was supported by more than a "bare-bones" affidavit. The affidavit related the results of an extensive investigation which provided evidence sufficient to create disagreement among the judges at the court of appeals level as to the existence of probable cause. The court found that under such circumstances the officer's reliance on the issuing magistrate's determination of probable cause was objectively reasonable and therefore the application of the exclusionary rule would be inappropriate, thus reversing the decision of the court of appeals.

■ When applying the principles enunciated in *Leon* to the case before us on appeal, the determination of whether or not the evidence obtained in the search of appellant's residence should be suppressed necessarily involves a two-step analysis. The first step is the determination of whether or not the search warrant was valid. If it is, our inquiry ends there. If, however, the search warrant is determined to be invalid, a second step is required to determine whether or not the exclusionary rule should be applied or if the good faith exception enunciated in *Leon* precludes application of that rule.[4] Having already found the search warrant issued herein to be invalid because there was no substantial basis for finding that probable cause existed to search appellant's residence, our focus is now on the second inquiry.

The question here becomes whether the facts and circumstances of this case warrant the application of the *Leon* good faith exception to the exclusionary rule. As set forth above, all that was presented to the magistrate herein was the informant's conclusion, as stated over the telephone to someone at the police department, that appellant was holding cocaine and the affiant officer's statement that this informant had supplied good information in the past. There was nothing provided as to the basis for the informant's knowledge or any further investigation conducted by the police. The warrant was issued without any corroboration whatsoever of the conclusory, hearsay statement of the informant. The facts in this case are clearly very different from and much less compelling than those of *Leon*, wherein the information from the informant was much more complete, and the results of extensive investigation and surveillance by the police were submitted in corroboration of the informant's statements.

---

4. In *State v. Wilmoth* (1986), 22 Ohio St.3d 251, 22 OBR 427, 490 N.E.2d 1236, the Supreme Court of Ohio adopted the good faith exception to the exclusionary rule enunciated in *Leon*.

While the *Leon* court did not specifically delineate at what point qualification for the good faith exception to the exclusionary rule is achieved, it did call for a case-by-case evaluation and did base its application of the exception on its finding that the search warrant therein was issued on more than a "bare bones" affidavit and therefore the officer's reliance was reasonable.

When applying the Supreme Court holding in *Leon* to the facts of this case, it is clear that Sergeant Brokamp's application for search warrant, which consisted of no more than a "bare bones" affidavit containing only conclusions, was so lacking in indicia of probable cause that the officers' reliance on the warrant was not reasonable. We therefore find that the good faith exception to the application of the exclusionary rule does not apply, and suppression of the evidence obtained as a result of the unlawful search of appellant's residence is the appropriate remedy herein. Accordingly, appellant's first assignment of error is found well taken.

In his second assignment of error appellant argues that the trial court's decision overruling his motion to suppress failed to state the essential findings on the record as required by Crim.R. 12(E) and that such failure constitutes reversible error.

Given this court's disposition as to appellant's first assignment of error, appellant's second assignment of error is rendered moot. We do note, however, that our review of the record indicates that appellant never requested the trial court to set forth separate findings of fact, nor did he object to the trial court's failure to do so and therefore he would not be permitted to later base error thereon. See *State v. Craig* (May 4, 1979), Williams App. No. WMS–78–9, unreported. Appellant's second assignment of error is found not well taken.

On consideration whereof, this court finds that the Wood County Court of Common Pleas erred in denying appellant's motion to suppress, and the judgment of said court is hereby reversed, and the plea and sentence entered thereon is hereby vacated. Pursuant to App.R. 12(B), we now render the order that the trial court should have rendered, to wit: all items seized as a result of the seizure of appellant's residence at 250 S. Main Street, Bowling Green, Ohio, are ordered suppressed and are to be excluded from use at trial as evidence. This case is remanded to the Wood County Court of Common Pleas for entry of judgment as herein specified and for further proceedings according to law. Costs assessed against appellee, state of Ohio.

*Judgment reversed*
*and cause remanded.*

HANDWORK, P.J., and GLASSER, J., concur.