[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
The trial court granted a motion to suppress filed by defendant-appellee, Teri L. Pierce. The court held that the affidavit in support of a search warrant for appellee's residence did not provide probable cause to believe that contraband would be found there. The state has appealed the trial court's judgment. In its sole assignment of error, it argues that the trial court failed to give the proper deference to the magistrate's decision issuing the search warrant, and that the facts in the affidavit provided probable cause to search the residence. We find no merit in this assignment of error.
The affidavit supporting the issuance of the search warrant in this case is little more than a "bare bones" statement. It contains information that came from a confidential informant. Yet, it contains no facts showing the informant's veracity or the basis of the informant's knowledge. See State v. Swearingan
(1999), 131 Ohio App.3d 124, 721 N.E.2d 1097; State v. Navarre
(June 9, 1989), Wood App. No. WD-88-43, unreported.
Further, the controlled buy involving the informant took place at a separate location, not at the residence to be searched, and no facts tied appellee's residence to the buy other than a hearsay statement by one of the drug dealers. The affidavit stated that the informant told police officers that one of the drug dealers told the informant that he had to "go to Teri's to weigh out the dope." The affidavit then stated that the "Teri" was Teri L. Pierce, who was a resident of the place to be searched, and the mother of a co-defendant in the case.
The affidavit provided no facts indicating that this hearsay statement was credible. It also contained no facts supporting the conclusory statement that the "Teri" referred to in the hearsay statement was appellee or showing how the officers reached that conclusion. While a reviewing court, in assessing the legal sufficiency of the affidavit for a search warrant, may draw reasonable, commonsense inferences, those inferences must be drawn from facts actually alleged in the affidavit. State v. Bean
(1983), 13 Ohio App.3d 69, 468 N.E.2d 146.
In sum, the four corners of the affidavit did not demonstrate a fair probability that contraband or evidence of a crime would be found in appellee's residence. While a reviewing court must give great deference to the magistrate's determination of probable cause, the affidavit in this case did not provide the magistrate with a substantial basis for concluding that probable cause existed. See State v. George (1989), 45 Ohio St.3d 325,544 N.E.2d 640, paragraphs one and two of the syllabus; State v.Hollis (1994), 98 Ohio App.3d 549, 649 N.E.2d 11; State v.Rodriguez (1989), 64 Ohio App.3d 183, 580 N.E.2d 1127; State v.Lauderdale (Feb. 18, 2000), Hamilton App. Nos. C-990294 and C-990295, unreported.
Additionally, the state contends that the good-faith exception to the exclusionary rule set forth in United States v. Leon
(1984), 468 U.S. 897, 104 S.Ct. 3405, applies in this case. This exception precludes application of the exclusionary rule where the police have acted in objectively reasonable reliance upon a search warrant issued by a neutral and detached magistrate but ultimately found to be invalid. Leon, supra; State v. Wilmoth (1986),22 Ohio St.3d 251, 490 N.E.2d 1236, paragraph one of the syllabus. Unlike the probable-cause determination, the applicability of the good-faith exception is subject to de novo review. United Statesv. Whiting (C.A.9, 1986), 781 F.2d 692; Lauderdale, supra. In this case, the affidavit was so lacking in probable cause as to render official belief in its validity objectively unreasonable. Consequently, the good-faith exception does not apply. SeeHollis, supra; State v. Jones (1991), 72 Ohio App.3d 522,595 N.E.2d 485; Lauderdale, supra. Accordingly, the trial court did not err in granting appellee's motion to suppress. We overrule the state's sole assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
HILDEBRANDT, P.J., DOAN and SHANNON, JJ.
RAYMOND E. SHANNON, retired, from the First Appellate District, sitting by assignment.