DECISION AND JUDGMENT ENTRY
This case is before the court following defendant-appellant Joseph E. Dominique's conviction and sentence for drug abuse and possession of drug paraphernalia, in violation of the city of Oregon's municipal code. Appellant sets forth the following assignments of error:
"Assignment of Error No. 1
"THE TRIAL COURT ERRED IN DENYING THE MOTION TO SUPPRESS.
"Assignment of Error No. 2
 "THE TRIAL COURT ABUSED ITS DISCRETION IN ADMITTED INTO EVIDENCE THE LABORATORY REPORT INDICATING THAT THE SUBSTANCE SEIZED BY POLICE ACTUALLY WAS MARIJUANA. STATE'S EXHIBIT 3, TR 18[.]
"Assignment of Error No. 3
"THE CONVICTIONS IN THIS CASE REST ON INSUFFICIENT EVIDENCE."
The facts giving rise to this appeal are as follows. On December 17, 1999, Oregon Police Detective Mark Denomy applied for a search warrant of appellant's residence to search for and seize cocaine, any tools, instruments, equipment or paraphernalia used to manufacture, store, process, protect or sell drugs of abuse, and other documents and drug-related items. The affidavit for the search warrant sworn to by Denomy stated that the Oregon Police Department had received information from a reliable confidential informant that appellant had been receiving deliveries of cocaine to his residence every Friday between 6:00 p.m. and 6:30 p.m. The police subsequently conducted surveillance of the residence and, on three consecutive Fridays, noticed a vehicle arrive during the aforestated time. The driver briefly entered the residence and left. The warrant was issued and executed on December 17, 1999. A green leafy substance and cigarette rolling papers were seized. The substance was sent to the Bureau of Criminal Identification and Investigation ("B.C.I. I.") for testing and the report identified it as marijuana.
On December 20, 1999, criminal complaints were filed charging defendant-appellant, Joseph E. Dominique, with drug abuse, in violation of Oregon Ordinance 513.03, and possession of drug paraphernalia, in violation of Oregon Ordinance 513.12. On December 30, 1999, appellant entered a plea of not guilty.
Appellant filed a motion to suppress all evidence seized pursuant to the search. Appellant argued that the affidavit for warrant was so lacking in the indicia of probable cause that no neutral magistrate should have issued the warrant and that no reasonable officer should have believed, on its face, that the warrant was valid. The motion was denied prior to the March 29, 2000 bench trial. At the close of trial, appellant was found guilty of both counts and sentenced to three days in jail and fines totaling $325. Appellant timely filed a notice of appeal with this court.
In his first assignment of error, appellant argues that the trial court erred when it denied his motion to suppress the evidence seized during the execution of the search warrant.
We initially note that the validity of a search warrant must be determined solely from the contents of the affidavit. State v. Yanowitz
(1980), 67 Ohio App.2d 141, 144. An appellate court may draw reasonable common sense inferences from the facts alleged in the supporting affidavit. State v. Bean (1983), 13 Ohio App.3d 69, 72. Other facts beyond those in the affidavit may not be used to bolster a determination of probable cause. Id. at 73.
In support of his argument, appellant relies on Bean; State v.Rodriguez (1989), 64 Ohio App.3d 183; and State v. Martinez (Dec. 3, 1999), Lucas App. No. L-99-1171, where this court found that the affidavits in each case were insufficient to establish probable cause to search. Upon review of these cases, we find them distinguishable from the instant facts.
In Bean, the affidavit was not based on the police officer's personal observations of evidence of prostitution, or a confidential informant's, rather it was based on the fact that two arrest warrants had been issued two weeks before the search warrant. The Rodriguez affidavit did provide evidence from a reliable confidential informant; however, there was no corroboration through independent police work and no time frame was indicated. Finally, in Martinez, the affidavit was deficient in several respects. Most significantly, the affidavit failed to include evidence regarding the veracity of the informant and details of the alleged drug trafficking.
In the instant case, the affidavit for search warrant alleged:
 "During the month of November 1999 the Vice/Narcotics office of the Oregon Police Department received information from a reliable confidential informant (CI). This CI has given reliable information in the past leading to arrests and convictions in drug related cases. The CI stated that Joseph Dominique has been receiving deliveries of cocaine to his residence at 526 Parkway West Drive which is in the City Of [sic] Oregon. The CI stated that the deliveries arrive every Friday between 1800 and 1830 hrs. For the last three consecutive Fridays this Affiant along with other officers have placed 526 Parkway West Drive under surveillance. On each Friday we observed a vehicle arrive at 526 Parkway West Drive between 1800 and 1830 hrs. The vehicle which was of a different type each time would pull into the driveway, the operator would exit the vehicle leaving it running. They would then enter the residence at 526 Parkway West Drive. After approximately 5 minutes the person would return to the vehicle and leave. On or about December 14, 1999 the CI again made contact and stated they Had [sic] seen Joseph Dominique with a quantity of cocaine, and that the deliveries were still being made on Fridays. Joseph Dominique is Known [sic] to use and sell Narcotics and has at least five prior arrests for drug related offenses."
After review of the affidavit and relevant case law, we find that the informant's information and his past reliability together with Denomy's surveillance provided a substantial basis for the magistrate to conclude that there was probable cause to issue a search warrant in this case. Accordingly, appellant's first assignment of error is found not well-taken.
In his second assignment of error, appellant argues that the trial court erroneously allowed the B.C.I. I. laboratory report into evidence. Appellant persuasively argues that the statute permitting the admission of such reports, R.C. 2925.51, is inapplicable in the instant case because appellant was charged under Oregon ordinances, not the Ohio Revised Code. We agree that the admission of the report was error; however, we find that the error was harmless.
At the March 29, 2000 bench trial, Denomy testified that during the execution of the search warrant appellant, when asked, stated that marijuana was at the residence. According to Denomy, appellant further stated that he did not sell marijuana, he only smoked it. Denomy stated that he confiscated green vegetation wrapped in Saran Wrap. He further testified that he uncovered what appeared to be marijuana cigarettes and Zig-Zag rolling papers. Based upon the foregoing, we find that sufficient evidence was presented to identify the substance in dispute as marijuana. Accordingly, appellant's second assignment of error is not well-taken.
Appellant's third and final assignment of error challenges the sufficiency of evidence used to convict appellant. The Ohio Supreme Court has set forth this court's standard of review as to the sufficiency of evidence:
 "An appellate court's function * * * is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." (Citation omitted.) State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
Appellant claims that the city failed to prove that appellant lived at 526 Parkway West Drive and that he had control over the marijuana. Upon review of the record we find evidence to the contrary. Denomy testified that he knew that appellant resided at 526 Parkway West Drive. He further testified that appellant told him that the marijuana was his. Construing these facts in a light most favorable to the city, we find that appellant's convictions were supported by sufficient evidence. Appellant's third assignment of error is not well-taken.
On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair trial, and the judgment of the Oregon Municipal Court is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
James R. Sherck, J.
 Richard W. Knepper, J., Mark L. Pietrykowski, P.J. CONCUR.