OPINION
{¶ 1} Plaintiff-appellant, the state of Ohio, appeals the decision of the Clinton County Court of Common Pleas granting a motion to suppress evidence.[1] We reverse the trial court's decision.
 {¶ 2} On May 23, 2003, based on the affidavit and sworn oral testimony of Sgt. Michael Crowe of the Clinton County Sheriff's Office, a municipal court judge issued a warrant authorizing the Clinton County Sheriff's Office to search the residence of defendant-appellee, Richard L. Dunihue, for drugs and items related to the manufacture and distribution of drugs. As a result of evidence seized pursuant to that search warrant, appellee was indicted for the Illegal Manufacture of Drugs in violation of R.C. 2925.041(A) with a firearm specification.
 {¶ 3} Subsequently, appellee moved to suppress all evidence obtained pursuant to the search warrant, arguing that the issuing judge authorized the warrant with less than probable cause, and that the warrant was supported with deliberately false information. The trial court held a limited suppression hearing, where neither party offered testimony. However, the court admitted into evidence Sgt. Crowe's affidavit, an audio recording of his supplemental testimony, and the search warrant. The trial court sustained appellee's suppression motion, finding that the information Sgt. Crowe provided was too stale and untimely to support a finding that probable cause existed at the time he sought the warrant. The state appeals the trial court's decision, raising the following assignment of error:
 {¶ 4} "The trial court erred, to the prejudice of the plaintiff-appellant, in suppressing all evidence seized by law enforcement officers as a result of the search warrant issued in this case."
 {¶ 5} The state argues that the trial court erred in finding that there was not a substantial basis for the issuing judge to authorize a search warrant. The state maintains that the affidavit of Sgt. Crowe and his supplemental testimony provided sufficient basis for the issuance of a search warrant. In addition, the state argues that even if the issuing judge erred in authorizing the search warrant, the evidence should not be suppressed because Clinton County Sheriff's deputies ("the deputies") relied in good faith on the validity of the search warrant.
 {¶ 6} In reviewing the affidavit in support of a search warrant for sufficiency and probable cause, neither a trial court nor an appellate court should substitute its judgment for that of the issuing judge by conducting a de novo review as to whether the affidavit contains sufficient probable cause upon which that court would issue the search warrant. State v. George (1989), 45 Ohio St.3d 325, paragraph two of the syllabus. Rather, a reviewing court's duty is to ensure that the issuing judge had "a substantial basis for concluding that probable cause existed." Id. "In conducting any after-the-fact scrutiny of an affidavit submitted in support of a search warrant, trial and appellate courts should accord great deference to the magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant." Id.
 {¶ 7} In determining that probable cause to support a search did not exist at the time the issuing judge authorized the warrant, the trial court concluded that Sgt. Crowe did not present sufficient facts upon which the judge could believe there was a fair probability that illegal drug activity was currently being committed at appellant's residence. A reviewing court must give the issuing judge a great degree of deference in determining if probable cause presently existed at the time of the issuance of the warrant. However, the trial court did not address the issue of the deputies' good-faith reliance on the validity of the search warrant. We need not determine whether the information in Sgt. Crowe's affidavit and testimony was so stale as to eliminate probable cause entirely, because even if the information had been stale, the good-faith exception applies and is dispositive of this matter. See State v.German, Hamilton App. No. C-040263, 2005-Ohio-527.
 {¶ 8} "The Fourth Amendment exclusionary rule should not be applied so as to bar the use in the prosecution's case-in-chief of evidence obtained by officers acting in objectively reasonable reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be unsupported by probable cause." George, 45 Ohio St.3d at paragraph three of the syllabus, United States v. Leon (1984), 468 U.S. 897, 104 S.Ct. 3405, followed. This is the "good-faith exception," and it exists because the purpose of the exclusionary rule is to deter law enforcement officials from violating people's constitutional rights. Leon, 468 U.S. at 919.
 {¶ 9} However, the good-faith exception does not apply, and evidence should be suppressed where: (1) the issuing judge was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth; (2) the issuing judge wholly abandoned his judicial role; (3) an officer purports to rely upon a warrant based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; or (4) depending upon the circumstances of the particular case, a warrant may be so facially deficient, i.e., in failing to particularize the place or things to be searched or seized, that those executing the warrant cannot reasonably presume it to be valid. George at 331.
 {¶ 10} The trial court failed to address whether the good-faith exception applies to this case when it determined that the evidence seized should be suppressed. While appellee raised the issue of good faith in his motion to suppress, it appears the state did not specifically argue the application of the good-faith exception before the trial court. In fact, our review of the record reveals that the state neglected to file any response to appellee's motion to suppress, assert any argument at the motion to suppress hearing, or file a post-hearing brief even though the court permitted both parties to do so. Rather, the state merely opposed the motion by entering into evidence Sgt. Crowe's affidavit, his supplemental testimony, and the search warrant to support the search and seizure of evidence by the deputies.
 {¶ 11} Nonetheless, the trial court's failure to consider whether the good-faith exception applies is problematic. A motion to suppress is the device by which a court must determine whether evidence should be excluded because it was obtained in violation of the Fourth Amendment. See Mapp v. Ohio (1961), 367 U.S. 643, 81 S.Ct. 507. In this matter, the trial court only determined that the evidence was improperly seized because the search warrant was not supported by probable cause. However, the finding of the invalidity of the search warrant is not solely determinative as to whether the evidence seized should have been suppressed. Such a determination must include an analysis as to whether the deputies acted in objectively reasonable reliance on the validity of the search warrant.
 {¶ 12} According to Sgt. Crowe's affidavit, the Clinton County Sheriff's Office received information that James Newland, who had numerous outstanding arrest warrants, was staying at appellant's residence. Sgt. Crowe stated that he and other deputies observed Newland inside appellant's house, but that Newland refused to come out. Further, Sgt. Crowe stated that while securing the residence so that Newland could not escape, he and other deputies smelled a strong odor of anhydrous ammonia around the rear entrance to the house, and that in his training and experience, anhydrous ammonia is used to manufacture methamphetamine. Sgt. Crowe also stated that the Clinton County Sheriff's Office had received information that the residents of appellant's home were involved in the manufacture of methamphetamine.
 {¶ 13} In addition, Sgt. Crowe testified under oath that the information regarding the manufacture of methamphetamine at appellant's residence came from a reliable source. Sgt. Crowe also testified that during a previous investigation of a fire that occurred at appellant's residence, investigators found a cooking plate and a propane tank. Sgt. Crowe testified that in his experience and training, these items also are used in the manufacture of methamphetamine.
 {¶ 14} After reviewing the evidence, we find that the deputies acted in an objectively reasonable manner in relying in good faith on the validity of the search warrant. There is nothing in the record to indicate that Sgt. Crowe knowingly provided false information or acted with reckless disregard for the truth in an attempt to mislead the issuing judge. Further, the warrant is not facially deficient such that it was unreasonable for the deputies to rely on it in good faith, as the warrant listed with particularity the places to be searched and the specific items to be seized.
 {¶ 15} Also, we cannot say that the issuing judge wholly abandoned his judicial role in authorizing the search warrant or that the affidavit supporting the warrant was so lacking in probable cause such that it was unreasonable for the deputies to rely on the validity of the warrant in good faith. Although Sgt. Crowe neglected to include a time frame for some of the facts alleged in his affidavit and testimony, the information he presented to the issuing judge was not completely devoid of indicia of probable cause. The information Sgt. Crowe provided, viewed as a whole, at least arguably supports the conclusion that there was a fair probability that evidence of illegal drug activity would be found at appellant's residence.
 {¶ 16} Also, it is noteworthy that the Clinton County Prosecutor's Office played an active role in assisting the Sheriff's Office in obtaining the search warrant. An assistant prosecutor accompanied Sgt. Crowe in obtaining the search warrant and elicited Sgt. Crowe's testimony at the search warrant hearing in front of the issuing judge. Considering that a representative of the chief legal officer of the county was directly involved in the process of obtaining a search warrant, it certainly was reasonable for the deputies to believe that the search warrant was valid.
 {¶ 17} Because the good-faith exception applies in this case, the trial court erred in granting appellee's motion to suppress the evidence seized pursuant to the search warrant issued on May 23, 2003. We sustain the state's assignment of error, and reverse the trial court's decision granting appellee's motion to suppress. This case is remanded to the trial court for proceedings consistent with this opinion.
 {¶ 18} Judgment reversed and remanded.
Powell, P.J., and Walsh, J., concur.
[1] Pursuant to Loc.R. 6(A), we sua sponte remove this case from the accelerated calendar and place it on the regular calendar for purposes of issuing this opinion.