**The STATE of Ohio, Appellee,**

v.

**CRAFT, Appellant.**

[Cite as *State v. Craft,* 181 Ohio App.3d 150, 2009-Ohio-675.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA2008–01–023.

Decided Feb. 17, 2009.

Robin N. Piper, Butler County Prosecuting Attorney, and Lina N. Alkamhawi, for appellee.

Repper, Pagan, Cook, Ltd., and Christopher J. Pagan; and Michael D. Shanks, for appellant.

---

Young, Judge.

{¶ 1} Defendant-appellant, Jeffery Ryan Craft, appeals his conviction for possession of and trafficking in marijuana, firearm specifications, and having weapons while under a disability. We affirm in part and reverse in part and remand to the trial court for further proceedings consistent with this opinion.

{¶ 2} On May 23, 2007, Butler County Sheriff's deputies obtained a search warrant for 225 Cereal Avenue, Hamilton, Ohio, based on information gained from confidential informants, their own surveillance, and an anonymous complainant, in order to search for, among other things, drugs, drug-related paraphernalia, and weapons. Upon executing the search warrant, the deputies located appellant and five others, along with approximately 55 pounds of marijuana, more than $15,000 in cash, ledgers, scales, zip-lock plastic bags, and four weapons.

{¶ 3} Appellant was indicted for having a weapon under disability in violation of R.C. 2923.13(A)(3), trafficking in marijuana in violation of R.C. 2925.03(A)(2), and possession of marijuana in violation of R.C. 2925.11. The trafficking and possession counts also included firearm specifications. Appellant moved to suppress the evidence seized pursuant to the search warrant. The trial court denied appellant's motion to suppress based on the "good faith" exception to the exclusionary rule per *United States v. Leon* (1984), 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677.

{¶ 4} On the day of trial, the state moved to amend the indictment and change the weapons-under-disability charge to a violation of R.C. 2923.13(A)(2) based upon a burglary conviction appellant received as a juvenile. The trial court granted the amendment over appellant's objection.

{¶ 5} After the state's case, appellant filed a Crim.R. 29 motion for acquittal, claiming that the state had failed to prove all of the elements of the weapons-under-a-disability charge. The trial court denied appellant's motion. The jury found appellant guilty of having a weapon while under a disability in violation of R.C. 2923.13(A)(2), and guilty on the remaining counts and specifications as charged.[1] As a result, appellant was sentenced to 11 years in prison. Appellant now appeals his conviction and sentence, raising four assignments of error.

{¶ 6} Assignment of Error No. 1:

{¶ 7} "The trial court erred in overruling Craft's motion to suppress evidence obtained during the search of his home."

{¶ 8} In his first assignment of error, appellant argues that the trial court erred in denying his motion to suppress as the affidavit on which the warrant was based lacked probable cause because it was based on hearsay, it did not supply enough facts for the issuing judge to assess the reliability of the informants or the anonymous source, and it did not supply timely information. Appellant also argues that the warrant cannot be saved by the good-faith exception to the exclusionary rule. We find no merit to appellant's arguments.

{¶ 9} Appellate review of a trial court's decision to grant or deny a motion to suppress is a mixed question of law and fact. *State v. Long* (1998), 127 Ohio App.3d 328, 332, 713 N.E.2d 1. An appeals court must accept a trial court's factual determinations from the suppression hearing "so long as they are supported by competent and credible evidence." Id. When examining the affidavit in support of the search warrant, a reviewing court is only required to ensure that the issuing judge had " 'a substantial basis for concluding that probable cause existed.' " *State v. Dunihue*, 161 Ohio App.3d 731, 2005-Ohio-3223, 831 N.E.2d 1082, ¶ 6, citing *State v. George* (1989), 45 Ohio St.3d 325, 544 N.E.2d 640, paragraph two of the syllabus.

{¶ 10} Therefore, the question before us is whether, under a totality of the circumstances, the affidavit, which served as the basis for the search warrant, provided a "substantial basis" for the issuing judge to conclude that there was a

---

1. We note than in the judgment of conviction entry, the entry of verdict, and the amended judgment of conviction entry, the Ohio Revised Code section for weapons under a disability is incorrect. Appellant was found guilty of violating R.C. 2923.13(A)(2), not R.C. 2923.13(A)(3).

"fair probability" that marijuana, drug paraphernalia, documents, monies, weapons, etc., would be found at 225 Cereal Avenue. *George* at 330, 544 N.E.2d 640.

{¶ 11} Recently, in *State v. Harry*, Butler App. No. CA2008–01–0013, 2008-Ohio-6380, 2008 WL 5123968, we addressed an essentially identical argument by appellant's co-defendant DeMarion Javon Harry regarding the same warrant at issue in this case. In *Harry*, we found "that the issuing judge had a substantial basis for concluding that probable cause existed," and thus we found "it unnecessary to determine whether the trial court's good faith analysis was correct."[2] Id. at ¶ 10.

{¶ 12} In *Harry*, we required the issuing judge " 'to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.' " Id. at ¶ 19, quoting *Illinois v. Gates* (1983), 462 U.S. 213, 238–239, 103 S.Ct. 2317, 76 L.Ed.2d 527. We also recognized that an issuing judge is allowed to find probable cause based " 'on hearsay in whole or in part, provided there is a substantial basis for believing the source of hearsay to be credible and for believing that there is a factual basis for the information.' " Id., quoting Crim.R. 41(C).

{¶ 13} A " '[confidential or anonymous] informant's veracity, reliability and basis of knowledge are all highly relevant' " in determining probable cause; therefore, "[t]here must be some basis in the affidavit to indicate the informant's credibility, honesty or reliability." *Harry*, 2008-Ohio-6380, 2008 WL 5123968, at ¶ 20, quoting *Gates* at 230, 103 S.Ct. 2317, 76 L.Ed.2d 527, and citing *State v. Sharp* (1996), 109 Ohio App.3d 757, 760, 673 N.E.2d 163. Thus, "[a]n affidavit which contains detailed information from informants (permitting an inference that illegal activity was personally observed by the informants), police corroboration of an informant's intelligence through its own independent investigation, or additional testimony by the affiant helps to bolster and substantiate the facts contained within the affidavit." Id., citing *State v. Ingram* (Sept. 26, 1994), Butler App. No. CA94–03–076, 1994 WL 519828, at 4–5; *State v. Rodriguez* (1989), 64 Ohio App.3d 183, 188, 580 N.E.2d 1127. In *Harry*, we also reiterated our prior finding in *State v. Young*, Clermont App. No. CA2005–08–074, 2006-Ohio-1784, 2006 WL 902365, when we noted that "individual facts and statements themselves may not separately support a probable cause determination; a reviewing court must weigh

---

2. In *Harry*, we found that because probable cause existed, it was unnecessary to examine whether the good-faith exception applied to the warrant. Id. at ¶ 25; see, e.g., *State v. Easter* (Sept. 9, 1992), Summit App. No. 15537, 1992 WL 224499, at *3; *State v. Dotson* (Aug. 1, 1988), Richland App. No. 2568, 1988 WL 82138, at *2.

all of the components together because '[p]robable cause is the sum total of [all] layers of information.'" *Harry*, 2008-Ohio-6380, 2008 WL 5123968, at ¶ 20, quoting *Young*, 2006-Ohio-1784, 2006 WL 902365, at ¶ 26.

{¶ 14} In examining the affidavit, as we did in *Harry*, we found that when we viewed all of the information together—which was gleaned from the informants and an anonymous complainant, as well as the corroborating information from the stakeout and other investigation conducted by the deputies—was "sufficient to show there was fair probability that marijuana would be found at 225 Cereal Avenue." Id. at ¶ 21–22.

{¶ 15} In addition, because Fourth Amendment search and seizure law requires timely information in an affidavit, we found in *Harry* that "[t]he facts must be closely related to the time the warrant is issued in order to justify probable cause." Id. at ¶ 12, citing *State v. Jones* (1991), 72 Ohio App.3d 522, 526, 595 N.E.2d 485. In *Harry*, we found that "[t]he affidavit clearly presented enough timely information to suggest that the marijuana would be located at 225 Cereal Avenue and provided a substantial basis for the issuing judge to believe that the drugs were located in the residence." Id. at ¶ 15.

{¶ 16} Therefore, just as we held in *Harry*, we find that "under a totality of the circumstances analysis, the affidavit filed in support of the warrant provided a substantial basis for the issuing judge to conclude there was a fair probability that marijuana, drug paraphernalia, documents, monies, weapons, etc. would be found at 225 Cereal Avenue." Id. at ¶ 25. Appellant's first assignment or error is therefore overruled.

{¶ 17} Assignment of Error No. 2:

{¶ 18} "The trial court erred in granting the state's motion to amend Craft's indictment to charge him under a different division of the weapons-under-disability statute."

{¶ 19} In his second assignment of error, appellant argues that the trial court should not have permitted the state to amend the indictment because it changed the elements of the offense and required the state to prove different facts, thus running afoul of the mandate of Crim.R. 7(D). We find no merit to appellant's argument.

{¶ 20} "[N]o person shall be held to answer for a capital, or otherwise infamous crime, unless on presentment or indictment of a grand jury." Section 10, Article I, Ohio Constitution. "This provision guarantees the accused that the essential facts constituting the offense for which he is tried will be found in the indictment of the grand jury" and ensures that the accused is not convicted on a charge different from that for which he was indicted. *State v. Headley* (1983), 6

Ohio St.3d 475, 478–479, 6 OBR 526, 453 N.E.2d 716. This constitutional guarantee is embodied in the limitations, protections, and prohibitions found within Crim.R. 7(D), which permits amendment of an indictment. Id.

■ {¶ 21} Pursuant to Crim.R. 7(D), a trial court may amend an indictment "at any time" "provided no change is made in the name or identity of the crime charged." [3] See also R.C. 2941.30; *State v. Davis*, 121 Ohio St.3d 239, 2008-Ohio-4537, 903 N.E.2d 609, ¶ 1. A trial court that permits an amendment to an indictment that changes the name or identity of the crime charged commits reversible error whether or not a continuance was granted. *State v. Fairbanks*, 172 Ohio App.3d 766, 876 N.E.2d 1293, 2007-Ohio-4117, ¶ 17. As this type of amendment is forbidden, a defendant need not show that he was prejudiced by the change. Id.

■ {¶ 22} Whether or not an amendment changes the name or identity of the offense with which one is charged is a matter of law. *State v. Cooper* (June 25, 1998), Ross App. No. 97CA2326, 1998 WL 340700, at *1, citing *State v. Jackson* (1992), 78 Ohio App.3d 479, 605 N.E.2d 426. As such, we must review this issue de novo. *State v. Kittle*, Athens App. No. 04CA41, 2005-Ohio-3198, 2005 WL 1491997, ¶ 12.

{¶ 23} While determining whether the "name" of an offense has changed is a relatively simple undertaking, determining whether the "identity" has been changed by the amendment presents a more difficult task. Id. at ¶ 18; *State v. Davis*, Highland App. No. 06CA26, 2007-Ohio-2249, 2007 WL 1376934, ¶ 16; *State v. Smith*, Clark App. No. 2001–CA–98, 2002-Ohio-4118, 2002 WL 1833341, ¶ 9; Katz and Gianelli, Ohio Criminal Law (2007), Section 40:7. Where the "name" of the crime remains the same, even after amendment, there is no violation of Crim.R. 7(D) regarding that prohibition. See, e.g., *Davis*, 121 Ohio St.3d 239,

---

**3.** "The court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged. If any amendment is made to the substance of the indictment, information, or complaint, or to cure a variance between the indictment, information, or complaint and the proof, the defendant is entitled to a discharge of the jury on the defendant's motion, if a jury has been impaneled, and to a reasonable continuance, unless it clearly appears from the whole proceedings that the defendant has not been misled or prejudiced by the defect or variance in respect to which the amendment is made, or that the defendant's rights will be fully protected by proceeding with the trial, or by a postponement thereof to a later day with the same or another jury. Where a jury is discharged under this division, jeopardy shall not attach to the offense charged in the amended indictment, information, or complaint. No action of the court in refusing a continuance or postponement under this division is reviewable except after motion to grant a new trial therefor is refused by the trial court, and no appeal based upon such action of the court shall be sustained nor reversal had unless, from consideration of the whole proceedings, the reviewing court finds that a failure of justice resulted." Crim.R. 7(D).

2008-Ohio-4537, 903 N.E.2d 609 at ¶ 5; *State v. Corrill* (1999), 133 Ohio App.3d 550, 552, 729 N.E.2d 403; *State v. Dukes,* Allen App. Nos. 1–02–64, 1–02–92, and 1–02–93, 2003-Ohio-2386, 2003 WL 21057285, ¶ 10.

{¶ 24} In order to determine whether the identity is changed, we must determine whether the amended indictment changes the "penalty or degree" of the offense. *Davis,* 121 Ohio St.3d 239, 2008-Ohio-4537, 903 N.E.2d 609, at syllabus.

{¶ 25} In *State v. Strozier* (Oct. 5, 1994), Montgomery County App. No. 14021, 1994 WL 567470, the Second Appellate District was faced with a similar problem when it reviewed a Crim.R. 7(D) amendment where the indictment was changed from a violation of R.C. 2923.13(A)(2) to a violation of R.C. 2923.13(A)(3). The *Strozier* court found that although the wording of the indictment was modified, the identity was not changed because it only "cured a variance between the essential facts constituting the disability and the category of disability alleged." Id. at *2. "The amendment [only] changed that category to conform to the grounds alleged to constitute the disability." Id.

{¶ 26} It is obvious that the name of the offense did not change as appellant was indicted for having weapons under a disability and the amended indictment retained the same name. In fact, the only thing that changed was the actual underlying reason for the disability. We do not find that the identity of the crime changed both because the penalty of the offense remained the same and the state was still required to prove that appellant knowingly acquired, had, carried, or used a firearm while he was under a disability. R.C. 2923.13. Like *Strozier,* the amendment only changed the category of the grounds for the disability and cured the variance between the facts behind the disability and the category of the disability.

{¶ 27} Having established that the amendment did not change the name or identity of the crime charged, we now must review the trial court's decision to allow the amendment under an abuse-of-discretion standard. *State v. Beach,* 148 Ohio App.3d 181, 2002-Ohio-2759, 772 N.E.2d 677, at ¶ 23. In order to constitute reversible error, appellant must show not only that the trial court abused its discretion, but also that the amendment hampered or otherwise prejudiced appellant's defense. Id.

{¶ 28} Pursuant to Crim.R. 7(D), an appellant is entitled to a reasonable continuance and to discharge of the jury if one has been impaneled, "unless it clearly appears from the whole of the proceedings that the [appellant] has not been misled or prejudiced by the defect or variance in respect to which the amendment is made."

{¶ 29} The trial court did not abuse its discretion by permitting the amendment because appellant was not prejudiced by the alteration. In the state's answer to

appellant's discovery request pursuant to Crim.R. 16(B)(1)(a), appellant's previous criminal records contained, among other things, a prior conviction for burglary as a juvenile. Indeed, the only crime listed in the criminal records that prohibited appellant from possessing a weapon was the burglary conviction. A copy of appellant's juvenile delinquency entry was also attached to the state's discovery answer.

{¶ 30} In addition, the original bill of particulars, which was provided to appellant almost four months before trial, stated that appellant had a "prior conviction for an F3 burglary." Although the bill of particulars predicated the weapon-under-a-disability charge on a violation of R.C. 2923.13(A)(3), the only language providing support for the disability was the prior burglary. Finally, we note that the purpose of Crim.R. 7(D) is to provide a defendant with notice of the essential facts for which he is charged. *Strozier*, 1994 WL 567470, at *3. Because appellant was aware that the burglary was the reason for the disability, despite the indictment's words to the contrary, we find that he could not have been prejudiced by the amendment. Appellant's second assignment of error is hereby overruled.

{¶ 31} Assignment of Error No. 3:

{¶ 32} "There was insufficient evidence to convict Craft for weapons-under-disability."

{¶ 33} Appellant argues in his third assignment of error that the state failed to present sufficient evidence for the jury to find him guilty of having a weapon under a disability based upon the judgment entry the state submitted to the jury. We find no merit to appellant's argument.

{¶ 34} When a claim is made regarding insufficient evidence, a due process concern is raised, as well as a question as to whether the evidence is adequate enough to support the verdict of the jury as a matter of law. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541. A reviewing court "need only find that there was legally sufficient evidence to sustain the guilty verdict." *State v. Feltner*, Butler App. No. CA2008–01–009, 2008-Ohio-5212, 2008 WL 4456973, ¶ 11, citing *Thompkins* at 386, 678 N.E.2d 541. We must therefore "examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492 (superseded by state constitutional amendment on other grounds in *State v. Smith* (1997), 80 Ohio St.3d 89, 684 N.E.2d 668.) "[A]fter viewing the evidence in a light most favorable to the prosecution," we must determine whether "any rationale trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id.

{¶ 35} The state is responsible for providing the jury with sufficient proof in order to convince them, beyond a reasonable doubt, that every element of an offense is present. *State v. Smith* (1990), 68 Ohio App.3d 692, 695, 589 N.E.2d 454, citing *In re Winship* (1970), 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368. The state is equally responsible for proving the existence of a prior offense, beyond a reasonable doubt, when a previous conviction is an element of the current offense. Id. The state may obtain a stipulation as to the prior conviction, in order to satisfy this burden of proof. *State v. Langford,* Cuyahoga App. No. 80753, 2003-Ohio-159, 2003 WL 125069, ¶ 26. Absent a stipulation, the burden of proof remains on the state to prove the prior conviction. Id. The state may offer a certified copy of the entry of judgment along with evidence that the accused is the offender in the case at bar in order to constitute proof of the prior conviction. R.C. 2945.75(B); *State v. McDowell,* 150 Ohio App.3d 413, 2002-Ohio-6712, 781 N.E.2d 1057, ¶ 31.

{¶ 36} In order to prosecute an offender for having a weapon under a disability pursuant to R.C. 2923.13(A)(2), the state had to prove that appellant knowingly acquired, had, carried, or used a firearm while he was under a disability. In this case, the state had to prove appellant's disability by showing that he had been adjudicated delinquent for an offense that if committed by an adult would have been a felony offense of violence. Here, the state offered a certified copy of appellant's delinquency adjudication for "having committed an act which, if committed by an adult, would constitute a felony of the third degree, to wit: a violation of 2911.12 ORC which is entitled Burglary." In addition, appellant stipulated to his identity.

{¶ 37} Appellant argues that there was no way for the jury to determine that the burglary was on offense of violence based on the delinquency adjudication entry submitted into evidence. Appellant was adjudicated a delinquent for committing an offense that would have been a third-degree felony burglary had he been an adult. Appellant argues, however, that in order for a burglary to be an offense of violence, it can only be a violation of R.C. 2911.12(A)(1) through (3). See R.C. 2901.01(A)(9) (defining "offense of violence").[4] Appellant reasons that because the subsection was not specified, it could have been a violation of R.C. 2911.12(A)(4), which is not a statutorily defined offense of violence. Appellant concedes that the entry states that the burglary carried a third-degree felony

---

4. It should be noted that prior to July 1, 1996, a violation of R.C. 2911.12, in its entirety, was an offense of violence. However, "[e]ffective July 1, 1996, Am.Sub.S.B. No. 269, 146 Ohio Laws, Part VI, 10752, 10847, deleted a statutory reference to section '2911.12' and inserted 'or of division (A)(1), (2), or (3) of section 2911.12' in division (I)(1)." *State v. Daniel,* Franklin App Nos. 05AP–564 and 05AP–683, 2006-Ohio-4627, 2006 WL 2573500, fn. 7.

penalty. However, we note that by statute, only a violation of R.C. 2911.12(A)(3) can be a third-degree felony. See R.C. 2911.12(C) (a violation of (A)(1) or (2) is a second-degree felony, a violation of (A)(3) is a third-degree felony, and a violation of (A)(4) is a fourth-degree felony).

{¶ 38} We are further persuaded by the Tenth Appellate District's opinion in *State v. Daniel,* Franklin App Nos. 05AP–564 and 05AP–683, 2006-Ohio-4627, 2006 WL 2573500, where that court faced an identical argument. In *Daniel,* the defendant had also been "convicted of burglary, a violation of R.C. 2911.12, and a felony of the third degree" with no subsection otherwise identified. Id. at ¶ 57. The Tenth District found that by "implication," "if a party is convicted of a felony of the third degree for a violation of R.C. 2911.12, that party must have been found guilty of violating R.C. 2911.12(A)(3)." Id. Therefore, because the inference was a reasonable one, appellant's burglary charge was an offense of violence for the purposes of R.C. 2923.13(A)(2). Accord *Daniel* at ¶ 57–60.

{¶ 39} After viewing the evidence in a light most favorable to the state, we cannot say that the jury could not have found, beyond a reasonable doubt, the essential elements required to find appellant guilty of having a weapon under a disability. The conviction entry stated that the burglary was a third-degree felony, which could only have been a violation of R.C. 2911.12(A)(3), which is an offense of violence. Appellant also stipulated as to his identity. Finally, the state provided evidence that appellant knowingly acquired, had, carried, or used a firearm based on the fact that four firearms were found in various locations throughout appellant's residence. Therefore, appellant's third assignment of error is overruled.

{¶ 40} Assignment of Error No. 4:

{¶ 41} "Craft was erroneously convicted of both marihuana trafficking and marihuana possession."

{¶ 42} In his final assignment of error, appellant argues that his conviction for possession of and trafficking in marijuana are allied offenses of similar import. Thus, appellant contends that he may only be convicted under one offense, but not both. We agree with appellant. Furthermore, the state concedes this assignment of error and urges this court to reverse and remand this case to the trial court for resentencing.

{¶ 43} In *State v. Cabrales,* 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, the Ohio Supreme Court held that trafficking in a controlled substance under R.C. 2925.03(A)(2) and possession of that same substance were allied offenses of similar import pursuant to R.C. 2941.25(A) because "commission of the first offense [trafficking] *necessarily* result[ed] in commission of the second [offense of possession]." (Emphasis sic.) Id. at ¶ 30. In addition, the court found that the defendant in *Cabrales* was found to have "trafficked in and possessed the

marijuana with a single animus: to sell it" and could not be convicted of both offenses. Id. at ¶ 31.

{¶ 44} We recently addressed this same issue in *Harry*, 2008-Ohio-6380, 2008 WL 5123968, which coincidentally involved appellant's co-defendant. We found in that case, which is equally applicable to the case at bar, that "appellant clearly intended to sell the marijuana as scales, zip-lock plastic bags, and more than just 'recreational' amounts of marijuana were found in the house." 2008-Ohio-6380, at ¶ 30. Additionally, we note that the state also concedes that the offenses are allied pursuant to the *Cabrales* decision. Therefore, appellant's fourth assignment of error is sustained, and we reverse the convictions for drug possession in violation of R.C. 2925.11 and trafficking in violation of R.C. 2925.03(A)(2) and remand this case to the trial court to resentence appellant accordingly.[5]

{¶ 45} The judgment is affirmed in part and reversed in part, and the cause is remanded for the trial court to resentence appellant consistent with the Ohio Supreme Court's holding in *Cabrales*.

Judgment affirmed in part
and reversed in part,
and cause remanded.

BRESSLER, P.J., and POWELL, J., concur.

---

5. As we noted in footnote one of this opinion, there appears to be a clerical error in the judgment of conviction entry, the entry of verdict, and the amended judgment of conviction entry. We bring this to the trial court's attention in order to take any action necessary to correct this error. See Crim.R.36.