[Cite as *State v. Madding*, 2011-Ohio-3865.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                    :

    Plaintiff-Appellee            :              C.A. CASE NO.    24412

v.                               :              T.C. NO.    10CRB11846

EDWARD W. MADDING               :                (Criminal appeal from
                                                  Municipal Court)
    Defendant-Appellant          :

                                 :

. . . . . . . . . .

## O P I N I O N

Rendered on the    5th    day of    August   , 2011.

. . . . . . . . . .

EBONY N. WREH, Atty. Reg. No. 0080629, Assistant City Prosecutor, 335 W. Third Street, Rm. 372, Dayton, Ohio 45402
     Attorney for Plaintiff-Appellee

DENNIS L. BAILEY, Atty. Reg. No. 0017205, Assistant Public Defender, 117 S. Main Street, Suite 400, Dayton, Ohio 45422
     Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}   Defendant-appellant Edward W. Madding appeals his conviction and sentence for one count of resisting arrest, in violation of R.C. 2921.33(B), a misdemeanor of the first degree. As a result of his conviction, Madding was ordered to serve ninety days in jail, with seventy-one

days of his sentence suspended. The trial court gave Madding jail time credit for nine days he already served and ordered him to pay court costs. Additionally, the trial court placed Madding under non-reporting community control for two years. Madding filed a timely notice of appeals with this Court on December 21, 2010.

I

{¶ 2} On December 1, 2010, Dayton Police Officer Adam Sharp was on routine patrol in a marked cruiser when he observed a motor vehicle matching the description and license plate of a vehicle which had recently fled during a traffic stop initiated by another Dayton police officer. Officer Sharp followed the vehicle until the driver, later identified as Madding, pulled into a parking lot and stopped. Upon exiting his cruiser, Officer Sharp displayed his taser and ordered Madding to put his hands up and step out of the vehicle. Madding complied with the officer's request but kept dropping his hands to his sides. Officer Sharp testified that he repeatedly ordered Madding to put his hands back up on top of his vehicle.

{¶ 3} Shortly thereafter, Officer Gregory Orick arrived at the parking lot in order to assist Officer Sharp. Officer Orick informed Madding that he was being detained on suspicion of fleeing and eluding and ordered him to place his hands behind his back. Madding resisted and the officers had to forcibly handcuff him. Officer Orick attempted to perform a pat down search of Madding before placing him in the back of a police cruiser. Madding refused to cooperate during the pat down and tried to pull away from Officer Orick.

{¶ 4} Officer Orick then attempted to place Madding in the back of his cruiser, but Madding intentionally fell to the ground and refused to walk any farther. Madding refused to stand up even after being repeatedly asked to by both officers. With no other alternative, the

officers began pulling Madding by his pants' legs. At this point, Madding began kicking the officers. Officer Orick was struck several times in the back of his leg, while Madding kicked Officer Sharp in his left hand. At trial, both officers testified that they suffered pain as a result of being kicked by Madding.

{¶ 5} Madding was subsequently arrested and charged by complaint with resisting arrest pursuant to R.C. 2921.33(A), characterizing it as a first degree misdemeanor. On December 1, 2010, Madding was arraigned and pled not guilty to the charge. At the conclusion of the bench trial held on December 9, 2010, defense counsel asserted that the complaint incorrectly characterized R.C. 2921.33(A) as a first degree misdemeanor, when it is actually a misdemeanor of the second degree. The State then moved to amend the complaint to reflect a violation of R.C. 2921.33(B) which is, in fact, a first degree misdemeanor. Defense counsel objected. The trial court granted the State's motion to amend pursuant to Crim. R. 7(D) and found Madding guilty of resisting arrest, in violation of R.C. 2921.33(B), a misdemeanor of the first degree. The trial court sentenced Madding to ninety days in jail plus court costs, gave him credit for nine days already served, suspended seventy-one days of the sentence, and ordered to him to serve the remaining ten days in jail. The court also sentenced Madding to two years of non-reporting community control.

{¶ 6} It is from this sentence that Madding now appeals.

II

{¶ 7} Madding's first assignment of error is as follows:

{¶ 8} "THE TRIAL COURT ERRED IN ALLOWING THE AMENDMENT OF THE COMPLAINT AT THE CONCLUSION OF THE TRIAL, THEREBY ELEVATING THE

DEGREE OF THE OFFENSE AND CHANGING THE ELEMENTS."

{¶ 9} In his first assignment, Madding contends that the trial court erred when it granted the State's motion to amend the complaint which originally charged him with a violation of R.C. 2921.33(A), which is, in fact, a second degree misdemeanor, to a violation of R.C. 2921.33(B), which is a first degree misdemeanor. Specifically, Madding asserts that the amendment was a violation of Crim. R. 7(D) because it changed the penalty or degree of the offense. At issue in this assignment is whether the trial court's application of Crim. R. 7(D) was proper.

{¶ 10} Crim. R. 7(D) provides in part: "The court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged." However, Crim. R. 7(B) also states in part that: "Error in the numerical designation or omission of the numerical designation shall not be ground for dismissal of the indictment or information, or for reversal of a conviction, if the error or omission did not prejudicially mislead the defendant."

{¶ 11} Because amendment is allowed under Crim. R. 7(D) in the court's discretion, our review is for abuse of discretion. *State v. Brumback* (1996), 109 Ohio App.3d 65, 81; *State v. Lewis* (1993), 85 Ohio App.3d 29, 32-33. In addition, a defendant must show prejudice as a result of the amendment. *Brumback*, 109 Ohio App.3d at 81.

{¶ 12} The complaint stated as follows:

{¶ 13} "Edward W. Madding (Defendant), in the City of Dayton in Montgomery County, in the State of Ohio, on or about December 1, 2010, did commit the offense of RESISTING ARREST, in violation of section 2921.33 A1.M1 of the Ohio Revised Code.

{¶ 14} "IN THAT EDWARD W. MADDING DID UNLAWFULLY, BY FORCE, RESIST A LAWFUL ARREST WHICH RESULTED IN PHYSICAL HARM TO A LAW ENFORCEMENT OFFICER."

{¶ 15} In the instant case, the name and the identity of the charged offense did not change, as Madding was charged both before and after the amendment with resisting arrest. Prior to the amendment, the complaint clearly denominated Madding's offense as a first degree misdemeanor. After the numerical amendment, the charged offense was, in fact, a first degree misdemeanor. The only aspect of the complaint that was altered was the subsection designation from R.C. 2921.33(A)(1) to R.C. 2921.33(B). We note that every essential element of R.C. 2921.33(B) was set forth in the original complaint, thereby specifically placing Madding on notice that he was charged with resisting arrest which resulted in physical harm to a police officer.

{¶ 16} Madding asserts in his argument that the court erred in permitting an amendment to the complaint. To support this argument, Madding cites *State v. Davis*, 121 Ohio St.3d 239, 2008-Ohio-4537. *Davis*, however, is distinguishable from the instant case. In *Davis*, the trial court amended an aggravated drug trafficking charge, finding that the amount of oxycontin found in the defendant's possession was more than five times the bulk amount. Id. at 240. This amendment changed the degree of the charged offense from a felony of the fourth degree, to a felony of the second degree. Id. While the Court in *Davis* recognized that an amendment is proper if it does not change the penalty or the degree of the offense, it held that an amendment that does alter the penalty or degree implicitly alters the identity of the offense and is not permitted under Crim. R. 7(D). Id. at 243.

{¶ 17} However, in the instant case, both the identity and the degree of the offense were known to the defendant at all times. In addition to the complaint labeling the offense as a first degree misdemeanor, and citing Madding for resisting a lawful arrest "which resulted in physical harm to a law enforcement officer," the Public Defender Intake Referral Sheet, signed by Madding, correctly indicates that he had been charged with a first degree misdemeanor. Accordingly, the penalty or the degree of the offense remained unchanged after the typographical error in the complaint was corrected.

{¶ 18} Upon review of the transcript of the trial, we conclude that Madding was not prejudiced by the amendment of the incorrect subsection designation in the complaint. The record establishes that Madding was aware that he was charged with causing physical harm to the police officers while resisting arrest as evidenced by his counsel's questioning regarding the nature and extent of the injuries suffered by the police officers during cross-examination of the State's witnesses. This is exemplified in the following exchange between defense counsel and Officer Sharp:

{¶ 19} "Defense Counsel: OK, you indicated that as the two of you are pulling [Madding], he's lying on his back, his hands handcuffed behind his back, and you're pulling him each of you on a pants leg across a paved parking lot?

{¶ 20} "Officer Sharp: Yes.

{¶ 21} "Q: And he's kicking and thrashing at that point?

{¶ 22} "A: He starts kicking, yes.

{¶ 23} "Q: *OK, you indicated that you got kicked on your hand one time?*

{¶ 24} "A: *Yes.*

{¶ 25} "Q: Did it cause a laceration?

{¶ 26} "A: No.

{¶ 27} "Q: Break any bones?

{¶ 28} "A: No.

{¶ 29} "Q: Did you miss any work?

{¶ 30} "A: No.

{¶ 31} "Q: Did you seek medical attention?

{¶ 32} "A: No."

{¶ 33} After reviewing the record, we find no abuse of discretion. To the contrary, the trial court acted reasonably in allowing the amendment to the complaint. The record also establishes that Madding was not prejudiced by the amendment. Neither the name nor the identity of the offense of resisting arrest in violation of R.C. 2921.33 was changed when the Revised Code designation in the complaint was amended. The complaint listed the offense as a misdemeanor of the first degree and included the essential element of physical harm to a police officer. The only error in the complaint was the subsection designation. The instant case presents a perfect example of the reason behind Crim. R. 7(D), thus allowing for the amendment of a complaint in the event of a simple typographical error which neither misleads nor prejudices the defendant.

{¶ 34} Madding's first assignment of error is overruled.

III

{¶ 35} Madding's second and final assignment of error is as follows:

{¶ 36} "THE COURT'S FINDING OF GUILT TO THE FIRST DEGREE

MISDEMEANOR RESISTING ARREST WAS BASED ON INSUFFICIENT EVIDENCE."

{¶ 37} In his second assignment, Madding argues that his conviction for resisting arrest in violation of R.C. 2921.33(B) was not supported by sufficient evidence.

{¶ 38} If the evidence that supports a material element of an offense is insufficient, the defendant must be acquitted of that offense. In reviewing a claim of insufficient evidence, the relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Britton*, 181 Ohio App.3d 415, 2009-Ohio-1282. A guilty verdict will not be disturbed on appeal unless "reasonable minds could not reach the conclusion reached by the trier of fact." *State v. Cole*, Miami App. No. 2009 CA 20, 2010-Ohio-1608.

{¶ 39} R.C. 2921.33(B) states as follows:

{¶ 40} "No person, recklessly or by force, shall resist or interfere with a lawful arrest of the person or another person and, during the course of or as a result of the resistance or interference, cause physical harm to a law enforcement officer."

{¶ 41} "Physical harm" is defined in R.C. 2901.01(A)(3) as *"any injury*, illness, or other physiological impairment, regardless of its gravity or duration."

{¶ 42} Madding argues that the evidence does not support a finding that he caused harm to either of the officers while he resisted arrest. Essentially, Madding asserts that since neither officer had visible injuries or required medical attention, there was no physical harm.

{¶ 43} In *State v. Cole*, we found sufficient evidence of physical harm to support a conviction under R.C. 2921.33(B) when an officer complained of soreness in his knee after being kicked by a defendant during an arrest. Miami App. No. 2009 CA 20, 2010-Ohio-1608. The

officer, however, did not have any trouble walking, seek medical attention, or miss work due to being kicked. Id.

{¶ 44} Additionally, we have previously held that evidence of visible injury is not necessary to prove that physical harm has occurred. In *Dayton v. Hadley* (June 2, 1986), Montgomery App. No. 9509, the defendant grabbed the witness by her arms with enough force to cause pain, but not enough to cause any bruising or other physical signs of injury. In analyzing the plain meaning of the term "pain" and the definition of "physical harm" within the statute at issue, we found that "physical harm" encompasses any form of pain, no matter how fleeting. Id. "We find no indication that pain must be evidenced by an outward physical manifestation in order to constitute 'physical harm.'" Id.

{¶ 45} In the present case, Officer Sharp testified that he was in pain after Madding kicked him in the hand while attempting to resist arrest. Officer Orick testified that Madding kicked him several times causing "sharp" pains. Officer Orick further testified that one of Madding's kicks caused his leg to buckle. Although neither officer sought medical attention or missed any work because of Madding's kicks, the evidence adduced at trial was sufficient to establish that Madding caused physical harm to Officers Sharp and Orick.

{¶ 46} Madding's final assignment of error is overruled.

IV

{¶ 47} All of Madding's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, J., concurs.

GRADY, P.J., dissenting:

**{¶ 48}** I respectfully dissent from the decision of the majority.

**{¶ 49}** Crim.R. 7(B) governs the nature and content of an indictment or information. It provides, in pertinent part:

**{¶ 50}** "Each count of the indictment or information shall state the numerical designation of the statute the defendant is alleged to have violated. Error in the numerical designation or omission of the numerical designation shall not be grounds for dismissal of the indictment or information, or for reversal of a conviction, if the error or omission did not prejudicially mislead the defendant."

**{¶ 51}** Crim.R. 7(D) provides, in pertinent part:

**{¶ 52}** "The court may at anytime before, during, or after a trial amend the indictment, information, <u>complaint</u>, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, <u>provided no change is made in the name or identity of the crime charged</u>." (Emphasis supplied)

**{¶ 53}** At the conclusion of his trial, Defendant brought to the court's attention the fact that the complaint charging him with a violation of R.C. 2921.33(A), which is a second degree misdemeanor, incorrectly alleged that the crime is a first degree misdemeanor. Absent a finding that an error in the numerical designation of the offense had prejudicially misled the Defendant, the defect was not ground for dismissal of the complaint. Crim.R. 7(B). On that basis, the court could convict Defendant of the second degree misdemeanor charged. Instead, over Defendant's objection, the court "corrected" the defect by amending the complaint to change the numerical designation of the offense charged to a first-degree misdemeanor offense, R.C.

2921.33(B), and convicted Defendant of that first degree misdemeanor offense.

{¶ 54} In *State v. Davis*, 121 Ohio St.3d 239, 2008-Ohio-4537, the Supreme Court held that amending an indictment to change the penalty or degree of the charged offense changes the identity of the offense in violation of Crim.R. 7(D), and is error. In *Davis*, contrary to the suggestion made by the majority in the present case, the Supreme Court did not predicate its holding on a due process failure involving a lack of notice. Instead, the Court explained that changing the name or identity of an offense charged in an indictment violates Section 10, Article I of the Ohio Constitution, which provides that "no person shall be held to answer for a capital, or otherwise infamous, crime, unless on presentment or indictment of a grand jury." Changing the name or identity of a charged offense permits a conviction for a criminal violation which the grand jury neither considered nor found. *Id*.

{¶ 55} Subsequently, in *State v. Rohrbaugh*, 126 Ohio St.3d 421, 2010-Ohio-3286, the Supreme Court, relying on *Davis,* held:

{¶ 56} "{¶5} The Ohio Constitution provides that 'no person shall be held to answer for a capital, or otherwise infamous, crime, unless on presentment or indictment of a grand jury.' Section 10, Article I. Crim.R. 7(A) mirrors the constitutional provision by requiring that all felonies, absent proper waiver, be prosecuted by indictment. Indictments may be amended 'before, during, or after a trial * * * , provided no change is made in the name or identity of the crime charged.' Crim.R. 7(D)"

{¶ 57} Section 10, Article I, by its terms, applies to felony offenses. Nevertheless, per *Rohrbaugh*, Crim.R. 7(D), which also applies to complaints by which misdemeanor offenses are charged, extends the protections of Section 10, Article I to misdemeanor offenses. Crim.R. 3

provides that the complaint must "state the numerical designation of the statute or ordinance" allegedly violated.

{¶ 58} Pursuant to the holdings in *Davis* and *Rohrbaugh*, the trial court erred when it amended the complaint to charge an offense that is a first degree misdemeanor, R.C. 2921.33(B), instead of the second degree misdemeanor offense originally charged, R.C. 2921.33(A), because the amendment changed the degree of the charged offense, thereby changing the identity of the offense charged in violation of Crim.R. 7(D). I would reverse Defendant's conviction for a violation of R.C. 2921.33(B) and remand the case to enter a conviction for the lesser-included offense, R.C. 2921.33(A).

. . . . . . . . . .

Copies mailed to:

Ebony N. Wreh
Dennis L. Bailey
Hon. John S. Pickrel