[Cite as *State v. Holder*, 2024-Ohio-4505.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 30010 |
| | : | |
| v. | : | Trial Court Case No. CRB 2301006 |
| | : | |
| DENZEL HOLDER | : | (Criminal Appeal from Municipal Court) |
| | : | |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on September 13, 2024

. . . . . . . . . . .

ARVIN S. MILLER, Attorney for Appellant

MARIA L. RABOLD & LORI E. DENLINGER, Attorneys for Appellee

. . . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} Denzel Holder appeals from his conviction in the Miamisburg Municipal Court, following a bench trial, on one count of criminal mischief, a third-degree misdemeanor. Because we conclude that the municipal court did not err in amending

the complaint during the course of the trial, the judgment of the municipal court is affirmed.

## Procedural History

{¶ 2} Holder was charged by complaint on October 2, 2023, with criminal mischief in violation of R.C. 2909.07(A)(3).   Holder pled not guilty, and a bench trial occurred on November 27, 2023.   During the trial, the charge against Holder was amended to a violation of R.C. 2909.07(A)(1).   Holder was found guilty, and the court imposed a suspended sentence of 60 days, a fine of $250, two years of reporting probation, and ordered Holder to have no contact with the victim.   On December 22, 2023, the municipal court granted Holder's motion to stay execution of his sentence pending appeal.

## Assignments of Error

{¶ 3} Holder asserts two assignments of error on appeal, which we will consider together.   They are:

THE TRIAL COURT VIOLATED THE DEFENDANT'S RIGHT TO A FAIR TRIAL BY FAILING TO REMAIN DETACHED AND NEUTRAL, WHEN SHE FAILED TO RULE ON THE DEFENDANT'S RULE 29 MOTION FOR ACQUITTAL AND THE STATE'S MOTION TO DISMISS THE CASE, AND INSTEAD ADVISED THE STATE TO AMEND THE COMPLAINT.

THE TRIAL COURT COMMITTED ERROR BY AMENDING THE COMPLAINT AT THE CLOSE OF THE STATE'S CASE WHEN THE AMENDMENT CHANGED THE IDENTITY OF THE CRIME.

{¶ 4} In his first assignment of error, Holder argues that "[a]ny semblance of

impartiality dissipated" when the trial judge advised the prosecutor that perhaps the State should amend the complaint, rather than ruling on the State's or Holder's motion to dismiss the case. He asserts that the court should have granted his Crim.R. 29 motion for acquittal, as supported by the fact that the prosecutor's response to Holder's motion was to request dismissal. According to Holder, the State conceded that it had not presented sufficient evidence of the charge, and the court's response was not "independent and impartial."

{¶ 5} In his second assignment of error, Holder argues that the amendment of the complaint "changed the identity of the crime." He asserts that R.C. 2909.07(A)(3), under which he was initially charged, "prohibits actions that tamper with the correct designation of real estate locations," whereas R.C. 2909.07(A)(1) "criminalizes different actions." In other words, Holder argues that R.C. 2909.07 sets forth "multiple variations of the general category of criminal mischief" in its subsections, and the variations have different "identities."

{¶ 6} The State responds that Holder's argument does not overcome the presumption that the court was impartial and that the court correctly concluded that the subsection listed in the original complaint was a scrivener's error.

**Bench Trial**

{¶ 7} Officer Chris Fairchild of the West Carrollton Police Department testified that on August 25, 2023, while on routine patrol, he was dispatched to the victim's home on the report of Holder tampering with a camera mounted above her door. Upon arrival, Fairchild observed that the camera had been removed from its mounting. The victim

provided videos the camera had recorded, which Fairchild viewed.

{¶ 8} The victim testified that Holder is the biological father of her goddaughter and that she and Holder had been in a custody dispute over the child. On August 25, 2023, the victim was at work in Columbus, Ohio. She had cameras on her front and back doors. On her cameras, the victim observed Holder and two of his children approach her front door from a vehicle, remove the camera there, and then proceed to her back door. She stated that Holder had been unable to remove her rear camera.

{¶ 9} Video from the camera was played for the court, and the victim identified Holder removing the camera from its mounting bracket at the front door. She stated that the camera had been dented, scratched, and had no audio after Holder tampered with it. The victim also stated that there had been no reason for Holder to be at her home.

{¶ 10} At the conclusion of the State's case, Holder's attorney moved for an acquittal on the basis that he had been charged under R.C. 2909.07(A)(3), which involves moving, defacing, damaging, destroying, or tampering with "a benchmark, triangulation station, boundary marker, or other survey station, monument, or marker." The prosecutor acknowledged that Holder had been cited under the wrong subsection and moved to dismiss without prejudice so that the State could refile. At that point, the court called a brief recess.

{¶ 11} After the recess, the court stated that, under Crim.R. 7(D), the State could amend a complaint "at any time before, during, or after a trial . . . as long as no change is made in the name or identity of the crime charged." The court suggested that an appropriate remedy would be for the State to request to amend the complaint under

Crim.R. 7(D).

{¶ 12} The prosecutor noted that the complaint specifically stated that Holder had used force to remove a mounted video camera, although it cited the incorrect subsection. The prosecutor asserted that the Revised Code section cited, R.C. 2909.07, was correct, but it should be amended from R.C. 2909.07(A)(3) to R.C. 2909.07(A)(1). Defense counsel objected to amending the complaint on the basis that jeopardy had attached.

{¶ 13} The municipal court stated that it did not see that changing the subsection under which Holder was charged would unduly prejudice him in any way, because the complaint was "very specific" in describing the conduct at issue. The court also suggested that a clerical error in entering the section number could have "autogenerated the language for the benchmark, triangulation station, boundary marker." The court overruled Holder's Crim.R. 29 motions for acquittal under both the originally-charged section and the amended section.

{¶ 14} Defense counsel then called Holder to testify. Holder testified that he had full legal custody of his daughter; the victim had previously had custody until August 24, 2023, while he "got on [his] feet." He stated that, on the date in question, he went to the victim's home with "the kids" after the victim called him and told him she would be home soon, intending to pick up his daughter's belongings.

{¶ 15} Holder stated that he had observed trash and a few pieces of plastic lying around in front of the victim's house, and he moved those items "to the side" because the victim liked "to keep it nice out there" and he wanted to "respect the area." Holder knew that the victim had cameras at her home. When he knocked on the door, he "thought

something came out from the sky, from the window or whatever, but it was already like shards of plastic coming off the house . . . but I believe that the camera might have already been there . . . ." Holder stated that he did not intend to damage any cameras.

{¶ 16} On cross-examination, Holder stated that he picked up a camera that was "already down on the ground type thing" and that "pieces of plastic" were falling down as well. The video was replayed for Holder, and he identified himself on the video. When asked if the video depicted him picking up a camera, he responded, "it's probably just something that was out of place, so if it was out of place, I'm just going to put it back in place." On rebuttal, the victim denied inviting Holder to her home.

{¶ 17} Defense counsel renewed his motion for acquittal at the end of the evidence, arguing that the video merely reflected that the camera had fallen from the home at some point. The court denied the motion. The court found Holder guilty. With respect to the amendment, the court noted that the case file "lists the correct code" a few different times, which supported the conclusion "that the (A)(3) version was simply a typographical scrivener[']s error."

## Analysis

{¶ 18} " 'It is well settled that a criminal trial before a biased judge is fundamentally unfair and denies a defendant due process of law.' " *State v. Graf*, 2022-Ohio-2169, ¶ 15 (2d Dist.), quoting *State v. LaMar*, 2002-Ohio-2128, ¶ 34, citing *Rose v. Clark*, 478 U.S. 570, 577 (1986). " 'In determining whether purported judicial bias resulted in a due process violation, we presume that a judge is unbiased and unprejudiced in the matters over which he or she presides, and the appearance of bias or prejudice must be

compelling in order to overcome the presumption.' " (Citations omitted.) *Id.* For the following reasons, we conclude that Holder has not overcome the presumption that the municipal court judge acted without bias or prejudice in permitting amendment of the complaint.

{¶ 19} R.C. 2909.07 proscribes criminal mischief. It states:

(A) No person shall:

(1) Without privilege to do so, knowingly move, deface, damage, destroy, or otherwise improperly tamper with either of the following:

(a) The property of another;

. . .

(3) Without privilege to do so, knowingly move, deface, damage, destroy, or otherwise improperly tamper with a bench mark, triangulation station, boundary marker, or other survey station, monument, or marker[.]

{¶ 20} Initially, we note that Holder mischaracterizes the record in asserting that the State conceded that it lacked sufficient evidence to support the charge against him. The State merely noted that the offense "was cited under the wrong subsection."

{¶ 21} Crim.R. 7(D) states, in relevant part: "The court may at any time before, during, or after a trial amend the . . . complaint, . . . in respect to any defect, imperfection, or omission in form or substance, . . . provided no change is made in the name or identity of the crime charged."

{¶ 22} "Whether an amendment changes the name or identity of the crime charged is a matter of law.'" *State v. Jones*, 2015-Ohio-4116, ¶ 125 (2d Dist.), citing *State v.*

*Frazier*, 2010-Ohio-1507, ¶ 22 (2d Dist.). "Hence, we review this question de novo." *Id.*

{¶ 23} "Where the 'name' of the crime remains the same, even after amendment, there is no violation of Crim.R. 7(D) regarding that prohibition." (Citations omitted.) *State v. Craft,* 2009-Ohio-675, ¶ 23 (12th Dist.). "In order to determine whether the identity is changed, we must determine whether the amended indictment changes the 'penalty or degree' of the offense." *Id.,* citing *State v. Davis*, 2008-Ohio-4537, syllabus.

{¶ 24} The complaint charged Holder as follows:

> * * * One Denzel J. Holder * * * did unlawfully[:] No person shall, without privilege to do so, knowingly move, deface, damage, destroy, or otherwise improperly tamper with a bench mark, triangulation station, boundary marker, or other survey station, monument, or marker. To wit; **Denzel J. Holder** did knowingly move, by force, a mounted video camera that was secured above [the victim's] front door to her apartment.

The complaint provided that the offense was contrary to and in violation of R.C. 2909.07(A)(3) and that it was commonly known as criminal mischief, a misdemeanor of the third degree.

{¶ 25} Accordingly, before and after the amendment, Holder was charged with criminal mischief, a misdemeanor of the third degree; the name and identity of the offense charged were not changed.

{¶ 26} " 'If the amendment does not change the name or identity of the crime charged, then we apply an abuse of discretion standard of review to the trial court's decision to allow a Crim.R. 7(D) amendment.' " *Jones*, 2015-Ohio-4116, at ¶ 125 (2d

Dist.), citing *Frazier,* 2010-Ohio-1507, at ¶ 23 (2d Dist.). " 'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable." (Citation omitted.) *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990). "A decision is unreasonable if there is no sound reasoning process that would support that decision." *Id.* "In addition, a defendant must show prejudice as a result of the amendment." *State v. Madding,* 2011-Ohio-3865, ¶ 11 (2d Dist.), citing *State v. Brumback,* 109 Ohio App.3d 65, 81 (2d Dist.).

{¶ 27} We note that there was an attachment to the complaint entitled: "Offense: Criminal Mischief - Move, Deface, Tamper, Etc. Property of Another – (290-Destruction/Damage/Vandalism of Property)." That attachment identified the offense charged as a violation of R.C. 2909.07(A)(1).

{¶ 28} A narrative prepared by Officer Fairchild was also attached to the complaint. It stated that the dispatch in this case had been for "a trespassing/harassing complaint," and the victim had advised dispatch that "a known male identified as Denzel J. Holder was outside of her apartment moving her cameras." The narrative stated that the victim had provided Fairchild with the videos of Holder and two others in front of her property and had captured the act of Holder tampering with the camera. It stated: "This report will be forwarded to the City Prosecutor for review of the charge, Criminal Mischief (O.R.C. 2907.07(A)(1) M-3). I have attached a copy of the Misdemeanor Approval Sheet."

{¶ 29} A subsequent narrative by Fairchild, also attached to the complaint, stated: "I received the Misdemeanor Approval Sheet back from the City Prosecutor indicating the charge of Criminal Mischief (O.R.C. 2090.07(A)(1) M-3) against Holder was approved

(see attached Misdemeanor Approval Sheet)." Finally, we note that at the start of trial, when asked if she chose to make an opening statement, defense counsel responded: "I believe the evidence is going to show that Mr. Holder simply went up to [the victim's] door, knocked on the door, and the camera fell and he removed the camera to get [it] back by the door."

{¶ 30} The prosecutor approved a charge of criminal mischief in violation of R.C. 2909.07(A)(1), the wording of the complaint specific to the complaint and its attachments made clear that the charge against Holder arose from the act of tampering with or damaging the victim's camera, and the State's evidence was addressed to Holder's actions involving the victim's camera. As such, we agree with the municipal court that a scrivener's-type error in the complaint occurred, and that the defect, imperfection, or omission was the sort contemplated by Crim.R. 7(D). In other words, Holder was neither misled nor prejudiced by the amendment.

{¶ 31} We conclude that the municipal court acted reasonably and did not abuse its discretion in amending the complaint. There also was no evidence of judicial bias. Holder's assignment of error is overruled.

{¶ 32} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

EPLEY, P.J. and TUCKER, J., concur.